# Court of Appeals
# of the State of Georgia

ATLANTA, March 10, 2026

*The Court of Appeals hereby passes the following order:*

**A26A1401. CURTIS J. MOONEY v. THE STATE.**

In November 2013, Curtis J. Mooney pled guilty to multiple offenses, including aggravated child molestation, aggravated sodomy, aggravated sexual battery, and child molestation. In August 2025, Mooney filed a motion for leave to file an out-of-time appeal, which the trial court denied on August 25, 2025. Mooney then filed a motion for leave to file an out-of-time notice of appeal, which the trial court also denied. Mooney then filed this direct appeal. We, however, lack jurisdiction.

In *Cook v. State*, 313 Ga. 471, 506(5) (870 SE2d 758) (2022), the Supreme Court of Georgia determined that a trial court lacks authority to grant an out-of-time appeal, and that any remedy involving an out-of-time appeal must be sought in habeas corpus. There, the Supreme Court vacated the trial court's order denying the defendant's motion for out-of-time appeal and remanded with instructions to dismiss the motion. Id. In response, the legislature enacted OCGA § 5-6-39.1, which became effective on May 14, 2025. This statute allows for a defendant to seek out-of-time relief if (1) the defendant moves for leave to file an out-of-time motion for new trial or notice of appeal within 100 days from the expiration of the time period for the filing of such motion or notice, or (2) the defendant had an out-of-time motion or appeal dismissed under *Cook*.

OCGA § 5-6-39.1(b) does not apply to Mooney as he neither filed a motion for out-of-time appeal within 100 days from the expiration of the time period for filing a notice of appeal nor had a motion for out-of-time appeal dismissed under *Cook*. Because Mooney is not entitled to pursue out-of-time relief, the propriety of the trial

court's ruling on his requests for an out-of-time appeal is moot. See *Carlock v. Kmart Corp.*, 227 Ga. App. 356, 361(3)(a) (489 SE2d 99) (1997) (a moot issue is one where a ruling is sought on a matter that has no practical effect on the alleged controversy or where the issues have ceased to exist). Accordingly, this appeal is hereby DISMISSED. See OCGA § 5-6-48(b)(3) (providing for dismissal of an appeal when the questions presented have become moot).



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* _03/10/2026_____

    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*